WADDINGTON (TURNER v.). See Case No. 14,263.

WADDLE (WATTS v.). See Case No. 17,-295.

WADE (HOWE v.). See Case No. 6,777.

## Case No. 17,029.

### WADE v. MATHEWS.

Circuit Court, N. D. New York. June 30, 1851.

COURT RULES—COSTS—FOLLOWING STATE COURTS — EFFECT OF CHANGES.

[Cited in Law, Jur. 278, to the point that the federal courts, by equity rule No. 25, adopted the fee bill of the highest court of any state as such fee bill existed in 1842: and that changes and alterations made since 1842 in any of such fee bills by changes of the law or practice of any such state did not apply to or govern the practice in the federal courts.]

[Nowhere reported; opinion not now accessible.]

WADE (MATTHEWS v.). See Case No. 9,-292.

WADE (UNITED STATES v.). See Case No. 16,629.

## Case No. 17,030.

### WADE v. WADE.

[1 Wash. C. C. 477.] [1]

Circuit Court, D. Pennsylvania. Oct. Term, 1806.

ADMINISTRATORS—LIABILITY FOR INTEREST.

Interest on money in the hands of the administrator, is not chargeable, when the same is retained in the hands of the administrator, until a suit shall determine the right of the claimant thereto.

This action was brought to recover one-sixth part of the personal estate, of which the intestate died possessed; and many depositions were read, to prove the plaintiff, and five others, his brothers and sisters, being in England, to be the brothers and sisters of the intestate, of the half blood, and his next of kin. The estate consisted of two bond debts, due to the intestate at his death, one of which had been paid, and part of the other. The defendant had resisted the payment, doubting the relationship of the plaintiff, and preferring to have that point judicially ascertained; but he promised to pay, if that should be done. The plaintiff claimed one-sixth of the principal, and interest of the bonds, which constituted the estate, from their date to the present time; except upon such parts as had been paid, upon which he did not claim interest from the time of payment, as the money was retained by the defendant, only with a view to ascertain the plaintiff's right to it. It was objected, that the verdict ought not to be for the uncollected part of the bond.

WASHINGTON, Circuit Justice, stated to the jury that if they were satisfied that the plaintiff is one of the brothers of the intestate, he is entitled to recover one-sixth of the principal and interest of these debts; but as the plaintiff waived interest on the sums collected, from the time they came into the defendant's hands, in consequence of the doubts he entertained of the relationship, they might deduct the interest on those sums. It does not appear from the evidence, that the uncollected bond had ever been put in suit, nor does it appear that the obligor was at any time, or is now, unable to pay. The defendant has been. administrator for some years, and told the witness, that if the plaintiff established his title, he, the defendant, must make the obligor pay up.

Verdict for plaintiff, for one-sixth, principal and interest, according to the charge of the court.

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]